MARY H. LAPIEDRA, Individually and as Administratrix De Bonis Non of the Estate of BRIDGET DITTON, Deceased, Appellant, *v.* AMERICAN SURETY COMPANY OF NEW YORK et al., Respondents.

Jurisdiction — Surrogate's Court — executors and administrators — limitation of actions — conclusiveness of decision of Surrogate's Court as to its jurisdiction — sufficiency of allegations in petition to establish jurisdiction — untrue allegation a fraud on court — letters of administration de bonis non issued on false allegation that prior letters had been revoked open to collateral attack — letters absolutely void for lack of jurisdiction — action on administrator's bond brought twenty-three years after issuance of letters barred by Statute of Limitations.

1. The rule that a decision of a Surrogate's Court upon the question of its jurisdiction is conclusive, until reversed, revoked or vacated, implies that the court shall exercise its judicial functions in the matter and actually pass upon the questions of jurisdiction. It need not take evidence since its jurisdiction may be established by allegations contained in a written petition. An untrue allegation, however, though innocently made, constitutes a fraud upon the court directly affecting

its jurisdiction and where, on a false allegation that prior letters of administration had been revoked, the court issues new letters of administration *de bonis non* they are open to collateral attack since no inference is permissible that in so acting the court consciously revoked the prior letters. A dismissal of the complaint, therefore, in an action by the administrator *de bonis non*, on the official bond of the administrator, to recover the value of any assets receiv d and not duly administered by him, was proper, on the ground that the appointment of plaintiff was void.

2. A contention that the defendants are in *pari delicto* with plaintiff in suppressing the facts before the Surrogate's Court and should, therefore, be required to resort to direct attack on the letters, cannot be sustained. The Surrogate's Court had no jurisdiction to appoint an administrator *de bonis non* and its letters were absolutely void.

3. Nor is the action, commenced November 27, 1923, maintainable by plaintiff individually. The original letters were issued June 27, 1900. The Statute of Limitations, therefore, had clearly run against her. There must be an accounting before there is a liability and default on the bond has not been established.

*Lapiedra* v. *American Surety Co.*, 220 App. Div. 738, affirmed.

(Argued November 23, 1927; decided January 10, 1928.)

APPEAL from a judgment, entered May 13, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee and directing a dismissal of the complaint.

*James Burke* and *Thomas F. Cosgrove* for appellant. The decree appointing plaintiff as administratrix cannot be attacked collaterally. (*Matter of McMullen,* 85 Misc. Rep. 669; *O'Connor* v. *Higgins,* 113 N. Y. 513; *Botton* v. *Schriever,* 135 N. Y. 65; *Kelly* v. *West,* 80 N. Y. 140; *Harrison* v. *Clark,* 87 N. Y. 572; *Bearns* v. *Gould,* 77 N. Y. 457; *Keegan* v. *Smith,* 60 App. Div. 170; *Prentiss* v. *Weatherby,* 68 Hun, 114; 144 N. Y. 707; *Roderigas* v. *East River Savings Inst.,* 76 N. Y. 316.) Plaintiff may recover individually and as administratrix, and the Statute of Limitations has not run against her as yet

in either capacity. (*Hood* v. *Hood,* 85 N. Y. 561; *Schar-mann* v. *Scholl,* 23 App. Div. 398; *Fassbender* v. *Amer. Surety Co.,* 66 Misc. Rep. 6; *Flanagan* v. *Fidelity,* 32 Misc. Rep. 424; *Ganley* v. *Troy City Bank,* 98 N. Y. 487; *Lightfoot* v. *Davis,* 198 N. Y. 261; *Kelly* v. *West,* 80 N. Y. 140; *Otto* v. *Van Riper,* 31 App. Div. 289.)

*Allen C. Rowe, George L. Naught* and *Frank H. Innes* for respondents. The order appointing plaintiff administratrix *de bonis non* and the grant of letters of administration to her are utterly void and may be attacked collaterally. (*Griffith* v. *Frasier,* 8 Cranch [U. S.], 1; *Hickey* v. *Stallworth,* 143 Ala. 535; *Packer* v. *Owens,* 164 Penn. St. 185; *Pina's Estate,* 112 Cal. 14; *Chamberlain's Appeal,* 70 Conn. 363; *Kinney* v. *Keplinger,* 172 Ill. 449; *Landers* v. *Stone,* 45 Ind. 404; *Macey* v. *Stark,* 116 Mo. 481.) The false and untrue recital that Tuite had been removed as administrator contained in the petition of plaintiff for her appointment as administratrix *de bonis non,* cannot help plaintiff's case, for such petition is a fraud upon the Surrogate's Court. (*Hoes* v. *N. Y., N. H. & H. R. R. Co.,* 173 N. Y. 435; *Spallholz* v. *Sheldon,* 158 App. Div. 367.) Plaintiff cannot recover individually against defendants by reason of the Statute of Limitations. (*Matter of Longbotham,* 38 App. Div. 697; *Matter of Rogers,* 153 N. Y. 316; *Matter of Smith,* 66 App. Div. 340; 179 N. Y. 563; *Matter of Cruikshank,* 40 Misc. Rep. 325.)

POUND, J. Letters of administration on the estate of Bridget Ditton, deceased, were issued to defendant Tuite by the Surrogate's Court of Richmond county on June 27, 1900. Defendant American Surety Company became the surety on his administrator's bond which was in the penal sum of $20,000.

In April, 1904, the surety company instituted proceedings under section 812 of the Code of Civil Procedure, then in force, to be relieved from further liability as

surety for Tuite as such administrator. On April 27, 1904, the surrogate made an order directing Tuite to file a.new bond within five days. Tuite did not file the bond. The Code section provided: " If the principal fail so to file such new bond within the time specified, a decree or order must be made revoking the appointment of such principal or removing him and requiring him to * * * account and file such account within twenty days." No such order was made. Although prepared and presented to the surrogate, it was never signed. This court has held (*Matter of Thurber*, 162 N. Y. 244) that the expression " a decree *must* be made " does not deprive the surrogate of discretion but means merely that " a decree *may* be made." It is not contended that Tuite was ever formally removed as such administrator. Litigation in the Supreme Court then intervened. Margaret Gallagher, in an action against Tuite, as administrator, sought to establish a contract between herself and the intestate whereby the intestate agreed that all her property should pass at her death to the claimant in consideration of the performance of certain duties. In December, 1907, after the lower courts had upheld the contract and taken and stated the administrator's account, this court reversed and held that the judgment could not be sustained. (*Holt* v. *Tuite*, 188 N. Y. 17.) The matter then rested until July 6, 1922, when Mary Hornby Lapiedra, the plaintiff herein, a one-third distributee of the estate, presented her petition to the Surrogate's Court of Richmond county for letters of administration *de bonis non*. The petition contains an allegation, made, apparently, through carelessness in examining the papers on file in the Surrogate's Court (not of the present attorney of record), that Tuite had been removed as administrator on April 27, 1904. A citation was issued thereon and service thereof was made on the defendants. The defendant surety company appeared on the return day. No objection was made to the issue of letters *de bonis non*, and

letters were issued accordingly. The new administrator instituted discovery proceedings against Tuite and the surety company. They appeared, asked leave to file their account, which was granted but they did not file an account. Thereupon the surrogate, on plaintiff's petition, made an order authorizing plaintiff to bring this action on the official bond of Tuite to recover the value of any assets received by the principal and not duly administered by him, both individually, as a person aggrieved (Surrogate's Court Act, § 115) and as administrator *de bonis non* (Surrogate's Court Act, § 114). The action was begun on November 27, 1923, for an accounting and a money judgment thereon. The case was tried before a referee who directed judgment for plaintiff.

The Appellate Division reversed upon the law and dismissed the complaint. The basic reason for dismissing the complaint was that the appointment of plaintiff as administrator *de bonis non* and the granting of letters to her are void, the record showing that the prior administrator is living and that his letters have never been revoked.

Indubitably, the removal proceedings instituted by the surety company in 1904 never went further than the order requiring Tuite to file a new bond. Although he was in default under that order, his letters were not revoked. The Surrogate's Court has jurisdiction to revoke letters of administration and jurisdiction to appoint a successor in place of a person whose letters have been revoked. (Surrogate's Court Act, § 40, subd. 2; § 136.) It has jurisdiction in any proceeding before it of parties who have been cited. (Surrogate's Court Act, § 41, subd. 2.) It obtains jurisdiction to make a decree by the existence of the jurisdictional facts prescribed by statute. (Surrogate's Court Act, § 42.)

Section 43 of the Surrogate's Court Act provides:

" Where the jurisdiction of a Surrogate's Court to make a decree or other determination is drawn in question

collaterally, the jurisdiction is presumptively, and, in the absence of fraud or collusion, conclusively, established, by an allegation of the jurisdictional facts, contained in a written petition or answer, duly verified, used in the Surrogate's Court."

Section 80 thereof provides:

" Every decree of a Surrogate's Court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained."

The question presents itself whether the letters issued to plaintiff are subject to collateral attack. A vacancy is a jurisdictional fact. If there is no vacancy, obviously there is no jurisdiction of the subject-matter. The point is whether defendants can resort to the records of the Surrogate's Court to establish the fact that no vacancy existed when plaintiff was appointed or whether they are bound by the allegation of jurisdictional facts in the petition and the determination of the court thereon. The conclusiveness of the decrees of a Surrogate's Court has been sweepingly upheld in many cases. It has been said in the broadest terms: " Where general jurisdiction is given to a court over any subject, and that jurisdiction depends, in a particular case, upon facts which must be brought before the court for its determination upon evidence, and where it is required to act upon such evidence its decision upon the question of its jurisdiction is conclusive until reversed, revoked or vacated." (*O'Connor* v. *Huggins*, 113 N. Y. 511.) This rule, however, implies that the Surrogate's Court shall exercise its judicial functions in the matter and actually pass upon the questions of jurisdiction. (*Roderigas* v. *East River Savings Bank*, 76 N. Y. 316.) It need not take evidence, because its jurisdiction to make the determination drawn in question is " in the absence of fraud or collusion, conclusively, established, by an allegation of the jurisdictional facts, contained in a written petition." (Surrogate's Court Act, § 43, *supra.*) The allegation in the petition

herein is " that on or about the 27th day of April, 1904, said Thomas W. Tuite was removed as such administrator by order of this Court " (the Surrogate's Court of Richmond county). This allegation, though innocently made, was untrue and, because it was untrue as to a matter of record of which the petitioner was chargeable with notice, it amounted to a constructive fraud on the court of the same nature and effect as an actual and deliberate misrepresentation of fact. (*People* v. *Federated Radio Corp.*, 244 N. Y. 33, 38.) It was a fraud upon the court, directly affecting the jurisdiction of the court. The court acted on the allegations of the petition. If the fact had been brought to its attention that Tuite's letters had not been revoked, it might have revoked them. The trouble is that it acted on the petition alone, which was untrue in this regard. The inference is, therefore, impossible that when the court issued letters *de bonis non* it consciously revoked the prior letters. The court was induced to exercise its authority where it had no jurisdiction. The plaintiff's letters were not fairly obtained and were, therefore, left open to collateral attack. (*Mandeville* v. *Reynolds*, 68 N. Y. 528; *Hoes* v. *N. Y., etc., R. R. Co.*, 173 N. Y. 435; 1 Freeman on Judgments [5th ed.], § 331; *Ferguson* v. *Crawford*, 70 N. Y. 253, 267.)

As to the contention that the defendants are *in pari delicto* with plaintiff in suppressing the facts before the Surrogate's Court and should, therefore, be required to resort to direct attack on the letters, it can only be said that the Surrogate's Court had no jurisdiction over the subject-matter — the appointment of an administrator *de bonis non*. Its letters were, therefore, void in the strictest sense, not merely void as against strangers to the proceeding. Tuite remains the administrator of the estate and may assert his rights as such.

The Statute of Limitations has clearly run against plaintiff individually. There must be an accounting

before there is a liability (*Matter of Rogers*, 153 N. Y. 316) and default on the bond has not been established.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; ANDREWS, J., dissents.

Judgment affirmed, etc.