THOMAS BOYLAN, Plaintiff, *v.* VERONICA G. BOYLAN VOGEL and Others, Defendants

Supreme Court, Monroe County, May 2, 1933.

*Forsyth & Forsyth* [*William L. Clay* of counsel], for the plaintiff.

*Warren, Shuster, Case & Halsey* [*Earl F. Case* of counsel], for the defendants.

CUNNINGHAM, J.   The complaint alleges that the defendants Vogel entered into a conspiracy to procure an order dissolving the marriage existing between the plaintiff and Veronica G. Boylan Vogel so that the defendants Vogel might marry; that they employed an attorney "to maintain by false testimony" a proceeding for the dissolution of such marriage; that pursuant to said conspiracy a verified petition was presented to the Supreme Court in the county of Rensselaer, N. Y., on February 8, 1928; that the petition was made and verified by Veronica G. Boylan, and states that the petitioner and Thomas Boylan resided as man and wife in the city of Rensselaer, N. Y., until the month of November, 1917, when they parted; that petitioner had not seen Thomas Boylan since that date or heard from him directly or indirectly; that she had made diligent inquiry and was unable to locate him; that "your petitioner believes that said Thomas Boylan is dead and has been dead for a period of upwards of five years."

The complaint further alleges that the defendants Vogel knew on February 8, 1928, that Thomas Boylan was living; that this plaintiff never was in the city of Rensselaer and never lived with Veronica G. Boylan Vogel in said city; that upon this petition an order was made providing that notice of the hearing thereon, directed to the said Thomas Boylan, should be served by publication in a Troy newspaper and a Rensselaer newspaper; that thereafter a hearing was had thereon and the court granted an order dissolving the

marriage between this plaintiff and said Veronica G. Boylan Vogel. The plaintiff further alleges that he did not receive notice of the said proceeding and did not have knowledge of such proceeding or of any hearing before any court.

The plaintiff in the complaint demands judgment against the defendants for the sum of $10,000.

If we consider the prayer for relief in the complaint, this action is brought to recover damages against the defendants for conspiracy in falsely instituting and maintaining a special proceeding for the dissolution of the marriage of plaintiff and his wife. Such a conspiracy is a crime. (Penal Law, § 580, subd. 3.)

If this be an action for damages only, the plaintiff may not maintain it against his wife and he may not recover damages from her for the tort complained of. (*Allen* v. *Allen*, 246 N. Y. 571; *Schubert* v. *Schubert Wagon Co.*, 249 id. 253, 255; *Wadsworth* v. *Webster*, 237 App. Div. 319.)

If the complaint state a cause of action against the wife, it will not be dismissed because the plaintiff has failed to demand the relief to which he would be entitled if the facts alleged therein were proved. (*Bloom* v. *Gelb*, 227 App. Div. 619; *Traub* v. *Arrow Mfg. Corp.*, 207 id. 292; *Dagood Holding Corp.* v. *Rosenbluth*, 231 id. 470, 473; *Model Building & Loan Assn.* v. *Reeves*, 236 N. Y. 331, 339; *Sorenson* v. *Keesey Hosiery Co.*, 244 id. 73, 77.)

The plaintiff has joined his wife as a defendant in this action and has alleged facts sufficient to constitute a cause of action against her to set aside the order dissolving the marriage as fraudulent. Such an action may be maintained. (*Lapiedra* v. *American Surety Co.*, 247 N. Y. 25; *Fuhrmann* v. *Fanroth*, 254 id. 479, 482.)

The plaintiff in his complaint in effect alleges that the petition presented to the court in the proceeding for the dissolution of the marriage was false and fraudulent.

In *Lapiedra* v. *American Surety Co.* (*supra*) it was said, in speaking of a petition containing untrue allegations of fact upon which a proceeding was commenced, that " it was a fraud upon the court, directly affecting the jurisdiction of the court. * * * The court was induced to exercise its authority where it had no jurisdiction."

In *Fuhrmann* v. *Fanroth* (*supra*) it was said that a plaintiff in an equitable action to set aside a judgment " must prove that there was fraud in the very means by which the judgment was procured [citing cases], some covinous device, for illustration, whereby she was robbed of the opportunity to uncover her grievance and expose it to the court."

The plaintiff does allege in his complaint that by reason of fraud

he was deprived of the opportunity to contest the proceeding for the dissolution of the marriage. Therefore, the facts alleged in the complaint state a cause of action against the defendant Veronica G. Boylan Vogel to set aside the order dissolving the marriage. The complaint also states a cause of action against the defendant Emil Vogel for damages for aiding and assisting in instituting and maintaining a fraudulent proceeding.

Although the complaint states two causes of action, each asking for different relief against separate defendants, as they arise out of the same transaction, they may be united in the same complaint. (Civ. Prac. Act, § 258, subd. 9; §§ 211, 212; *Akely* v. *Kinnicutt*, 238 N. Y. 466.)

As to the defendants Schaeffer, the complaint alleges that they were witnesses to the marriage of the defendants Vogel; that such marriage was performed after the allegedly fraudulent order dissolving the marriage between the plaintiff and defendant Veronica G. Boylan Vogel had been granted. Facts are not alleged from which it could be found that they were parties to the conspiracy, or even had knowledge that a fraudulent order dissolving the marriage had been obtained. It does not state a cause of action against those defendants, but it does against the defendants Vogel.

The motion is granted as to the defendants Schaeffer and denied as to the defendants Vogel.