BANK OF JAMESTOWN, as Administrator, etc., of ROSE P. SHANNON, Deceased, Appellant, *v.* THE CATTARAUGUS COUNTY BANK OF LITTLE VALLEY, NEW YORK, Respondent.*

Fourth Department, June 27, 1934.

* Revg. 148 Misc. 655.

*Van Vlack & Bargar* [*Allen E. Bargar* of counsel], for the appellant.

*Krieger & Prey* [*A. Edward Krieger* of counsel], for the respondent.

THOMPSON, J.  Plaintiff, administrator, succeeded one George T. Botsford, executor, as the representative of the estate of Rose P. Shannon, deceased, the executor having disappeared.  Based upon a petition setting forth the facts and circumstances of his disappearance, the Surrogate's Court of Chautauqua county duly issued letters of temporary administration upon the estate of George T. Botsford to his wife, Corabel Botsford.  (Surr. Ct. Act, §§ 119, 126.)  After an absence of a few months, the absentee returned to his home in Chautauqua county.  During his absence, his wife, as temporary administratrix, continued to conduct a grocery business, which he owned, selling the stock on hand, and depositing the proceeds in defendant bank in her name as administratrix of her husband's estate.  On the written consent of the returned absentee, and in accordance with an assignment of his property to the plaintiff as his successor as administrator of the Shannon estate, a decree revoking the letters of administration, and ordering the administratrix to pay to plaintiff all the property and assets, which upon an accounting should be found remaining in her hands belonging to the estate, was duly granted by the Surrogate's Court.  In pursuance of this decree, the administratrix made an assignment in writing of the account in defendant bank to plaintiff, and also drew a check upon it in plaintiff's favor.  Defendant bank refused to give effect to the assignment of Corabel Botsford, as temporary administratrix, or to honor the check, whereupon plaintiff bank brought this action against defendant bank upon the facts above related.  Defendant resists plaintiff's suit upon the ground that, prior to the appointment of an administrator of the estate of the absentee, he was indebted to defendant, that, he not being dead, the moneys deposited by the administrator were at all times his, and defendant, being entitled as matter of law to, and having set off the account against, the amount owing by the absentee to it, plaintiff could not recover it.  Here we have an appeal from an order denying plaintiff's motion to strike out defendant's answer and for summary judgment, and from a judgment after a trial in favor of defendant dismissing plaintiff's complaint.

We deem the conclusion reached by the Special Term to the effect that defendant had a right to set off the funds of this account

against the absentee's indebtedness to it, based upon the theory that the administration upon the estate of the absentee was void, and that, therefore, the moneys deposited by the administratrix were at no time other than the property of the absentee himself, so that a relation of debtor and creditor existed between the defendant and the absentee, to be erroneous. Defendant does not contend that there were any irregularities in the proceeding in which the temporary administratrix was appointed. On the contrary, the answer alleges the due appointment of the administratrix of her absentee husband, so it must be assumed that the jurisdictional facts essential to the granting of the letters of administration were made to appear, and were held to have been established by the surrogate. (*Lapiedra* v. *American Surety Co.*, 247 N. Y. 25, 30.) The proceedings and the acts of administration performed by authority of the surrogate's decrees, which included the opening and deposit of funds in the bank account in the name of the administratrix, were valid and binding until set aside.

The relation of debtor and creditor was never set up between defendant bank and the absentee in respect to this account. The administratrix had the legal title to the account. The deposit of the moneys in the bank by the administratrix did not set up the relationship of debtor and creditor between the absentee individually and the bank. He did not deposit the moneys. They were not deposited in his behalf. The deposit was never transferred to him by the administratrix. He never confirmed or ratified the acts of the administratrix in making the deposit. It follows that defendant bank had no right or authority to set off the moneys of the account against the absentee's indebtedness to it.

Moved by these considerations, we are constrained to reverse the order denying plaintiff's motion to strike out defendant's answer on the law, with ten dollars costs and disbursements; to reverse the judgment dismissing the complaint on the law, with costs, and to grant plaintiff's motion to strike out defendant's answer and for summary judgment, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON and LEWIS, JJ.

Order denying summary judgment reversed on the law, with ten dollars costs and disbursements, and judgment on trial reversed on the law, with costs, and motion of plaintiff for summary judgment granted, with ten dollars costs.