THELMA WALTHOUR, as Administratrix of the Estate of LEROY WALTHOUR, Deceased, et al., Respondents, v. PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, Appellant, et al., Defendants.— In an action to recover damages for wrongful death of Leroy Walthour, and for injuries sustained by the infant plaintiff Thelma Walthour, defendant Public Service Interstate Transportation Company appeals from (1) a judgment entered upon a verdict for plaintiff Thelma Walthour, as administratrix, in the amount of $90,000, and for her individually in the amount of $30,000; and (a) from an order, which was made subsequent to the entry of the said judgment, amongst other things substituting Dorothy Frasier as administratrix in place of said plaintiff. Judgment, insofar as it is in favor of plaintiff individually, reversed on the facts and new trial granted, with costs to abide the event. The verdict was contrary to the weight of the credible evidence. Prejudicial error was committed in excluding from the evidence the written statement which said defendant's witness Lenore Goldman had given to the police department. Judgment, insofar as it is in favor of plaintiff, as administratrix, reversed on the law, without costs, and complaint dismissed, without prejudice to the institution of a new action for wrongful death, which may be instituted by the administratrix *de bonis non*, Dorothy Frasier, who was appointed such by decree of the Surrogate's Court of Kings County subsequent to the entry of the judgment. Thelma Walthour was an infant, and, therefore, her limited letters of administration were void and subject to collateral attack. (*Lapiedra* v. *American Sur. Co.*, 247 N. Y. 25; *Raab* v. *New Yorker Fleet Owners' Assn.*, 268 App. Div. 884.) Accordingly, she had no right of recovery on the cause of action for wrongful death. (*Boffe* v. *Consolidated Tel. & Elec. Subway Co.*, 171 App. Div. 392, affd. 226 N. Y. 654.) If this court were not reversing the judgment and dismissing the complaint on the ground just above stated, the judgment would nevertheless be reversed and a new trial granted for the reasons ascribed above in connection with the reversal of the judgment in favor of plaintiff individually, and further on the ground that the verdict was excessive. The appeal from the order is dismissed, without costs. The appeal is academic, in view of this court's determination with respect to the appeal from the judgment. Adel, Wenzel and MacCrate, JJ., concur; Nolan, P. J., and Johnston, J., concur in the dismissal of the appeal from the order, and for reversal of the judgment in favor of the plaintiff as administratrix, solely on the ground that the verdict is excessive and vote for a new trial; but dissent from the dismissal of the complaint on the ground that the infancy of the widow at the time of issuance to her of limited letters of administration did not deprive the Surrogate's Court of jurisdiction to issue letters, and, therefore, the issuance of letters may not be attacked collaterally, and on the additional ground that the alleged lack of plaintiff's capacity to sue should have been raised by said defendant before judgment; and also dissent as to the reversal of the judgment in favor of plaintiff, individually, and vote to affirm said judgment.