AGNES V. STOLZ, as Administratrix of the Estate of HENRY G. STOLZ, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Third Department, December 2, 1958.

*Benjamin S. Wolman* (*Medwin, Tabner & Carlson* and *John R. Davison* of counsel), for appellant.

*Whalen, McNamee, Creble & Nichols* (*Earl H. Gallup, Jr.,* of counsel), for respondent.

FOSTER, P. J. Plaintiff appeals from an order and judgment of the Supreme Court which dismissed the complaints in this consolidated action without prejudice to the commencement of a new action by an administrator validly appointed as such. There is also an appeal from an order denying plaintiff's motion to amend the order and judgment dismissing the complaints. This motion was apparently made to avoid the Statute of Limitations by keeping the cases alive so that another personal representative of the decedent could be appointed and substituted for the plaintiff.

Decedent was employed by the defendant Railroad Company and, in the course of his work, suffered injuries that resulted in his death. The plaintiff, who had married the decedent in the State of Vermont, was appointed administratrix of his estate. She instituted these actions, one for wrongful death and the other to recover for decedent's pain and suffering, under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51). In each action plaintiff alleged that she was duly appointed as

administratrix of the decedent's estate prior to the commencement of each action, and in its answers the defendant denied knowledge or information sufficient to form a belief as to this allegation. The actions were consolidated and proof was taken upon a trial but the merits of the claim for negligence were never reached. The trial court dismissed the complaints on the grounds that plaintiff was not the lawful widow of decedent; that her appointment as administratrix of his estate was a product of fraud, whether intentional or not; that hence she lacked capacity to sue. We see no escape from the logic upon which this decision was based.

It was conclusively established by the evidence that a former wife of decedent secured a judgment of divorce against him in this State on the grounds of his adultery. Pursuant to the decree against him, and section 8 of the Domestic Relations Law, he was thereafter prohibited from remarrying without the express permission of the court, which could in no event be granted until three years had elapsed from the date of the decree.

Decedent's marriage to the plaintiff in the State of Vermont was well within the three-year period and would unquestionably have been void if performed in the State of New York. Since the marriage occurred in Vermont its validity must be determined by the laws of that State. The laws of Vermont provide (§ 3155): '' A marriage shall not be contracted in this state by a person residing and intending to continue to reside in another state * * * if such marriage would be void if contracted in such state or jurisdiction. Every marriage solemnized in this state in violation of this section shall be null and void.'' The proof in the case definitely established that the plaintiff and decedent went to Vermont solely for the purpose of marrying there and intended to return to this State and reside here. Therefore the marriage in Vermont was null and void there and also here.

It must be held under the facts disclosed that plaintiff was not the lawful widow of decedent at the time she applied for and received letters of administration of his estate. It may be that her appointment was not the product of intentional fraud for it is possible that she did not know or appreciate the disability under which the decedent suffered, although the evidence would indicate that the trip to Vermont was for the purpose of getting around that difficulty. Irrespective of plaintiff's knowledge we think she must be charged with at least constructive fraud and her appointment subject to collateral

attack (*Lapiedra* v. *American Sur. Co.*, 247 N. Y. 25). Section 43 of the Surrogate's Court Act presumes the jurisdiction of a surrogate where a decree is executed, and provides that in the absence of fraud or collusion the presumption of jurisdiction is conclusive. But it also provides for a collateral attack upon the jurisdiction of the Surrogate's Court where there is proof of fraud or collusion in obtaining jurisdiction. Where the allegations of the petition leading to the appointment of an administratrix are false it is immaterial by whom or why the misrepresentations were made. This is a harsh rule but it is no more harsh than the venerable maxim that "everyone is presumed to know the law". Where a person alleges a status as the basis of affirmative action he or she must be presumed to know the legality of the status alleged. Any other ruling would result in chaos and confusion. Section 43 of the Surrogate's Court Act was not intended to confer upon anyone a status that never legally existed. If such were the case a matrimonial status might be accomplished as a matter of presumption although false in fact. Although the defendant pleaded no affirmative defense against plaintiff's status it was entitled to raise an objection thereto under its general denial because the plaintiff was required to affirmatively plead and establish her status as administratrix (*Walthour* v. *Public Service Interstate Transp. Co.*, 280 App. Div. 818; *Whiting* v. *Glass*, 217 N. Y. 333).

The denial of plaintiff's motion to amend the order and decision was proper because since the appointment of the plaintiff as administratrix was void the action abated and no substitution could be made in that action. The Surrogate's Court had no jurisdiction of the action so far as abatement is concerned. Another and proper person could of course be appointed as administrator of decedent's estate for the purpose of bringing an action against the defendant, but such a personal representative could not be substituted as plaintiff in these abated actions. There have been cases where a change of title involving a different status has been permitted in actions where the same person was involved as plaintiff even after the Statute of Limitations had run (*Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Missouri, Kansas & Texas Ry. Co.* v. *Wulf*, 226 U. S. 570, cited apparently with approval by the Court of Appeals in *Van Der Stegen* v. *Neuss, Hesslein & Co.*, 270 N. Y. 55); but we find no case where another party has been substituted as plaintiff in the same action when the Statute of Limitations has run; indeed the substitution of different parties was disapproved in the *Phœnix Bridge* case (*supra*).

In view of plaintiff's constructive fraud, the disclaimer of defendant in its answer of any knowledge sufficient to form a belief as to her status and the lack of proof as to when defendant became apprised thereof, we do not reach or pass upon the issue of whether any future action for the same causes brought by an administrator properly appointed would be barred by the Statute of Limitations.

The orders and judgment should be affirmed.

BERGAN, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Orders and judgment affirmed, without costs.