THOMAS K. BRADLEY, ADMINISTRATOR, v. MISSOURI PACIFIC RAILWAY COMPANY.

FILED MAY 18, 1897.   No. 7732.

Appointment of Administrator: COLLATERAL ATTACK.   Where a sufficient petition for administration is presented to the county court, and statutory notice given, the action of the court in appointing an administrator cannot be collaterally attacked.   The record not disclosing want of jurisdiction, the existence of jurisdictional facts will in a collateral proceeding be conclusively presumed.   *Estate of Moore v. Moore*, 33 Neb., 509, followed.

ERROR from the district court of Otoe county.   Tried below before CHAPMAN, J.   *Reversed.*

*John C. Watson, Wash Adams,* and *Numa F. Heitman,* for plaintiff in error.

*E. F. Warren, C. W. Seymour, James W. Orr,* and *P. B. Waggener, contra.*

IRVINE, C.

The plaintiff in error, as administrator of the estate of Charles L. Meyers, deceased, brought this action against the Missouri Pacific Railway Company to recover damages on account of the death of his intestate alleged to have been caused by the negligence of the railway company.   Among other defenses, the railway company pleaded that Meyers was not an inhabitant of the state, and that he left no estate to be administered therein, and

that the county court of Otoe county, from which Bradley held letters of administration, was without jurisdiction in the premises. At the close of the evidence the district court instructed the jury that the county court was without jurisdiction, and that Bradley therefore had no authority to maintain the action, and that the jury should, for this reason, return a verdict for the defendant. A verdict was so returned and the case dismissed.

The petition for the appointment of the administrator alleges sufficient facts to confer jurisdiction on the county court of Otoe county, and this being true, the appointment of the administrator is not subject to collateral attack. *Missouri P. R. Co. v. Lewis*, 24 Neb., 848, was an action similar in character to this, and the jurisdiction of the court appointing the administrator was attacked. In the opinion Judge COBB says: "And, again, I do not think that in any event her appointment as administratrix of the deceased could be attacked collatally." *Estate of Moore v. Moore*, 33 Neb., 509, was an appeal from an order allowing a claim against the estate. One of the heirs had filed objections to the claim, one objection being that the administration was void for want of jurisdiction in the court. The objections to the jurisdiction were the same as in this case, to-wit, that the decedent was not an inhabitant of the state at the time of his death, and left no estate to be administered therein. It was held that the appointment was not open to attack in this manner, NORVAL, J., saying: "The application for the appointment of an administrator must allege the necessary jurisdictional facts, for if a want of jurisdiction affirmatively appears from the face of the record, it is fatal to the proceedings, and the objection can be urged at any time. * * * The right of the plaintiff in error to question the authority of the county court to grant letters of administration on the hearing of his objection to the allowance of the claim filed against the estate depends upon whether the record of the county court on its face shows the lack of jurisdiction to make

the appointment. It cannot be doubted that where a sufficient petition for administration is presented to the proper county court, and the statutory notice is given, its action in appointing an administrator is valid and binding unless revoked or set aside on appeal." These decisions control the present case, and we think that they are in accord with the vast weight of authority elsewhere, as well as consonant with sound principle. The district court, therefore, erred in giving the instruction complained of.

REVERSED AND REMANDED.