## TROYER'S ESTATE

No. 2629

August 5, 1924.                    227 Pac. 1008.

1. EXECUTORS AND ADMINISTRATORS—MONEY PAID BY CARRIER TO
   SETTLE CLAIM FOR UNLAWFUL DEATH OF EMPLOYEE IS NOT PART
   OF EMPLOYEE'S ESTATE.

   Assuming that compromise and settlement of a claim against
   a carrier for unlawful death of an employee was governed by
   Rev. Laws, sec. 5650, making the carrier liable to deceased's
   personal representative for the benefit of his widow and
   children, the money paid administrator did not become part
   of deceased's estate, but was for the use and benefit of
   deceased's children, there being no widow.

See 17 C. J. sec. 58, p. 1210, n. 98.

APPEAL from Second Judicial District Court, Washoe
County; *Thomas F. Moran,* Judge.

In the matter of the estate of Warren C. Troyer,
deceased. Application by Mildred K. Hampton, as
guardian for minor heirs, to have money, received from
settlement of claim for unlawful death of deceased,
turned over to her. From an order adjudging the fund
to be part of the estate, and an order refusing leave to
remove it to her place of residence, the guardian appeals.
**Reversed.**

*Huskey & Kuklinski,* for Appellant:

Lord Campbell's Act and similar statutes gave
damages for pecuniary loss suffered by dependents.
In only a few states damages become assets of estate.
13 Cyc. 367; note 12 A. S. R. 375; Perham v. Portland
etc. Co., 53 Pac. 14. Such benefits are for benefit of
kindred. Rev. Laws, 4997, 5647. Ricconi's Estate, 197
Pac. 97. They are not subject to deceased's debts.
Rev. Laws, 5648. Common carriers, mine and mill
operators are liable to kindred. Rev. Laws, 5650.

Administrator has no beneficial interest in recovery,
but is mere statutory trustee. 17 C. J. 1210.

Rev. Laws, 5650, is modeled after Federal Employers
Liability Act, and Rev. Laws, 4997, is modeled after
C. C. P. of California, 377. Adopted statutes are given
construction placed on them by courts of parent state.

Ormsby Co. v. Kearney, 37 Nev. 371. To recover under these acts it is necessary some kindred exist. If there are no heirs, no one is damaged. Webster v. Mng. Co., 70 Pac. 276.

Under such acts, funeral expenses are debts of estate. Kansas City etc. Co. v. Leslie, 238 U. S. 599; R. R. Co. v. Hughes, 240 Fed. 943.

*Wm. McKnight,* for Respondent:

Appeal should be dismissed because not taken by any person interested because no bill of exceptions was filed in time, and because purported bill does not contain testimony admittedly given. Rev. Laws, 6112.

Amount involved is part of estate. California decisions do not apply because its code omits entirely our sections 5647–8.

Court cannot go beyond intent of statute. Fitch v. Elko Co., 8 Nev. 271.

If proceeds of suit are not part of estate, how can they be distributed as required by Rev. Laws, 5648; even though excepted from debts of estate? Such recovery is part of estate. S. P. Co. v. Wilson, 85 Pac. 401.

Right to maintain action does not depend on fact that deceased left relatives. Perham v. Electric Co., 72 A. S. R. 743.

In any event, it is immaterial whether such money is part of estate because it is liable for commissions and fees and funeral expenses. "Debt" as used in Rev. Laws 5647–8, does not include them. Hollman v. Bennett, 44 Miss. 322; Stuttmeister v. Superior Court, 14 Pac. 35.

Rev. Laws, 6126, creates exclusive remedy for recovery of fees of attorney in estate matters. Torreyson v. Bowman, 26 Nev. 372.

Court, not administrator, fixes fee, regardless of expert opinion or claim made. Dorland's Estate, 63 Cal. 282.

Court is without discretion to order removal of fund. Rev. Laws, 6200.

## OPINION

By the Court, SANDERS, J.:

On January 10, 1923, Warren C. Troyer, while employed as a "belt repairer" in the railroad shops of the Southern Pacific Company at Sparks, Washoe County, Nevada, was instantly killed. The deceased died possessed of an estate in that county of the value of $202.80, and left surviving him as his heirs at law two children, a son, William, aged 14 years, and a daughter, Mildred, aged 12 years. George S. Hall, public administrator of Washoe County, qualified as administrator of the estate of the deceased. In the course of his administration, H. W. Huskey was appointed attorney for the absent heirs. Upon the petition of said Huskey the administrator was authorized by court order to compromise, settle, release, and discharge a claim or cause of action existing against the Southern Pacific Company for the wrongful death of the deceased for the sum of $3,750. In pursuance of said order the Southern Pacific Company issued its check payable to George S. Hall, as administrator of the estate of Warren C. Troyer, deceased, for the sum of $3,750, which check was received by the administrator in full settlement, discharge, and satisfaction and release of said claim or cause of action for the death of his decedent.

It is conceded that subsequent to the death of the deceased and about the time of the compromise and settlement of said claim, letters of guardianship were issued by the probate court of Ford County, Kans., to Mildred K. Hampton, mother of said children and divorced wife of the deceased. Huskey and Kuklinski, as attorneys for said guardian, petitioned the court in the matter of the administration of the estate, praying that said sum of $3,750, so recovered, be ordered paid over to them as attorneys for Mildred K. Hampton, guardian of the children of the deceased, and for leave to remove said fund from the jurisdiction of the court to her place of residence in the vicinity of Dodge City,

Kans., for the use and benefit of her said wards. The administrator successfully resisted the application and motion for removal upon the ground that the sum or fund so recovered was and is a part of the estate of Warren C. Troyer, deceased, and subject to administration under the statute relating to causes of action for death caused by the wrongful act, negligence or default of another.

The attorney for the parties in interest could not agree as to which of our "death statutes" applied to the particular facts of the case; the probate court, however, was of opinion that the attendant facts and circumstances surrounding the death of Warren C. Troyer brought the matter of the compromise and settlement of the claim against the Southern Pacific Company for his death within the provisions of chapter 69, sec. 5650, Rev. Laws, which reads as follows:

"That every common carrier engaged in trade or commerce in the State of Nevada, and every mine and mill owner and operator actually engaged in mining, or in milling or reduction of ores, in the State of Nevada, shall be liable to any of its employees, or, in case of the death of such employee, to his personal representative for the benefit of his widow and children, if any, and if none, then for his next of kin, for all damages which may result from the negligence of the officers, agents, or employees of said common carrier or mine or mill operator, or by reason of any defect or insufficiency due to their negligence in its cars, engines, appliances, machinery, track, roadbed, ways or works, or to their negligent handling or storing of explosives."

The court decided that under the terms and provisions of the section quoted the liability of the carrier in case of death was to the personal representatives of the employee killed, and not to the guardian of his children, and therefore the fund recovered for the death of Warren C. Troyer was and is a part of his estate. Thereupon the court ordered the balance due on account of the funeral expenses of the deceased be approved, and also approved a claim against the estate incurred

by a brother of the deceased in connection with the burial of the deceased, and continued the matter of the settlement and approval of the administrator's final account and the distribution of the estate until the further order of the court.

The attorneys for Mildred K. Hampton, as guardian, have appealed from the order adjudging and declaring the fund of $3,750 to be a part of the estate of Warren C. Troyer, deceased, and also from an order denying and overruling said guardian's petition for leave to remove said fund to her place of residence in the State of Kansas for the use and benefit of her wards.

Assuming that it was correctly held by the lower court that the facts and circumstances surrounding the death of Warren C. Troyer while employed as a laborer in the shops of the Southern Pacific Company brought the matter of the compromise and settlement of the cause of action against the Southern Pacific Company for his death within the statute, we are unable to agree with the conclusion reached that the sum recovered and paid the administrator in full settlement of said claim became an asset of the estate of the person killed. To so hold would be to disregard the express terms of the statute, and to ignore a long line of authorities construing similar statutes, that the liability imposed in such cases is to compensate the beneficiaries designated therein for the injury done them, and not the person killed. The statute seems too plain for elaboration.

Conceding that the compromise of the claim against the Southern Pacific Company was the result of the activities of the attorney for the absent minor heirs and their guardian, the children of the deceased are not to be deprived of the compensation for the injury done them by the negligent killing of their father because of the efforts put forth to bring about a settlement of the claim for their use and benefit. The liability upon the carrier was manifestly imposed for the exclusive benefit of said children of the employee, there being no widow, and not for the benefit of the estate of the person killed. It is true, under the authorities, that in

case of death an action cannot be maintained against the carrier by a guardian, because in such cases the carrier is made liable only to the personal representative of the person killed. This seems to have been recognized by all the parties in interest, since its appears that the compromise was authorized and approved by the court, and the administrator was ordered to receipt for and release and discharge the claim. This could have been done only for the use and benefit of the children of the deceased, and not the estate. Hence the order and judgment and decree adjudging and decreeing the sum so recovered to be a part of the estate of Warren C. Troyer, deceased, must be reversed.

We are urged to decide whether the sum so recovered and now in the possession of the administrator is properly chargeable with the funeral expenses, costs of administration and attorney's fees as provided by law in other cases. Neither chapter 69 of the Rev. Laws of 1912, nor any other death statute of which we are advised, makes provision for such costs and expenses. Since we have reached the conclusion that the recovery in this instance is not an asset of the estate of the deceased, in the present state of the record, we are not in position to determine, in advance of a ruling thereon by the probate judge, what his ruling should be. We shall leave the question open for determination and decision upon further proceedings in the cause.

The orders appealed from are reversed.