# NORDYKE *v.* PASTRELL ET AL.

No. 2946

February 3, 1932.                              7 P.(2d)598.

*W. M. Kearney* and *S. W. Robinson,* for Appellant:

*Thatcher & Woodburn* (*Thomas F. Ryan,* of Counsel), for Respondents:

## OPINION

By the Court, DUCKER, J.:

This is an action for damages instituted by the appellant, Claribel Nordyke. It is alleged that such damages were suffered by her by reason of the death of her husband, Stafford C. Nordyke, whose death was caused on February 2, 1929, by being struck and crushed by the automobile of the respondent Donald Maclean. It is alleged that at the time of the accident said automobile was being driven by respondent Margaret Pastrell, at the special instance and request of respondent Donald Maclean. The respondents interposed a special and general demurrer to the complaint. The special demurrer raised the objection of appellant's legal capacity to sue. The point of this objection is that an action such as this, for wrongful death, should have been brought by the personal representative of the deceased husband instead of his heir at law. The demurrers were argued and submitted to the court, Honorable L. O. Hawkins, District Judge, presiding, and were overruled. After issue had been joined on all matters raised in the pleadings, the case was set down for trial before a jury for March 19, 1930. Immediately preceding the convening of the court, and before the court called the case for trial, counsel for respondents interposed an oral motion, in chambers, for an order directing appellant's counsel to refrain from questioning any member of the venire on voir dire as to whether or not he was a stockholder in any

insurance company carrying public liability in the State of Nevada, or as to whether or not he was an employee of such company, or interested in any insurance company. The motion was heard forthwith and the testimony of one Wm. N. Dearing, who claimed to be an employee of the Occidental Indemnity Company of California, which carried the insurance upon the car of Donald Maclean, was taken. He testified that said company would be obliged to pay any judgment rendered against the respondents herein. Thereupon the court entered an order prohibiting appellant from asking any of the veniremen upon their voir dire any questions relating to the possible interests which they might have in insurance companies. Appellant was thereupon given leave to file an amended complaint, which was forthwith filed. The court gave the respondents time within which to plead to the amended complaint, and dismissed the jury. Thereafter respondents interposed a demurrer to the amended complaint. The demurrer raised the question that the appellant did not have legal capacity to sue. The demurrer was argued and submitted to the court, Honorable George A. Bartlett, District Judge, presiding. Thereafter said trial judge entered an order on November 12, 1930, sustaining said demurrer and dismissing the amended complaint. The appeal has been taken from this order.

Appellant makes three contentions: (1) That appellant had the legal capacity to maintain the cause of action as the sole heir at law of Stafford C. Nordyke, the decedent. (2) That the lower court, Honorable George A. Bartlett, District Judge, presiding, in considering the questions raised by demurrer to appellant's amended complaint, was obliged to follow the law of the case as laid down by the decision of the same court upon the identical questions raised by the demurrer to appellant's original complaint, Honorable L. O. Hawkins, District Judge, presiding. (3) That the lower court erred in entering an order in the above matter preventing plaintiff from examining veniremen upon their voir dire concerning any possible interest which said veniremen

might have had in insurance companies and in particular in the insurance company which carried the insurance upon the car of respondent Donald Maclean.

■■ Appellant grounds her contention that she has legal capacity to sue as the sole heir at law of her late husband, upon section 8554 of the Nevada Compiled Laws, which reads: "When the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death, or, if such person be employed by another person who is responsible for his conduct, then also against such other person. If such adult person have a guardian at the time of his death, only one action can be maintained for the injury to or death of such person, and such action may be brought by either the personal representatives of such adult person deceased for the benefit of his heirs, or by such guardian for the benefit of his heirs as provided in section 54. In every action under this and the preceding section such damages may be given as under all the circumstances of the case may be just."

Respondents concede that a surviving wife is an heir of her deceased husband, but contend that section 8554 has been superseded or repealed by the provisions of chapter 68 of the Nevada Compiled Laws (sections 9194, 9195). These provisions read:

Section 9194: "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof then, and in every such case, the persons who, or the corporation which would have been liable if death had not ensued shall be liable to an action for damages notwithstanding the death of the person injured; and although the death shall have been caused under such circumstances as amount in law to a felony."

Section 9195: "The proceeds of any judgment obtained

in any action brought under the provisions of this chapter shall not be liable for any debt of the deceased; provided, he or she shall have left a husband, wife, child, father, mother, brother, sister, or child or children of a deceased child; but shall be distributed as follows: 1. If there be a surviving husband or wife, and no child, then to such husband or wife; if there be a surviving husband or wife, and a child or children, or grandchildren, then, equally to each, the grandchild or children taking by right of representation;, if there be no husband or wife, but a child or children, or grandchild or children, then to such child or children and grandchild or children by right or representation; if there be no child or grandchild, then to a surviving father or mother; if there be no father or mother, then to a surviving brother or sister, or brothers or sisters, if there be any; if there be none of the kindred hereinbefore named, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons; provided, every such action shall be brought by and in the name of the personal representative or representatives of such deceased person; and, provided further, the jury in every such action may give such damages, pecuniary and exemplary, as they shall deem fair and just, and may take into consideration the pecuniary injury resulting from such death to the kindred as herein named."

We do not think the circumstances of these statutes are sufficient to sustain the contention of respondents that the repeal of section 8554 has been effected. There is no expression of such an intention in sections 9194 and 9195, and the circumstances are not strong enough to force the conclusion of repeal by implication. The late Judge Farrington, in considering these statutes in connection with the one permitting a parent to maintain an action for the wrongful death of a minor child in the case of Perry v. Tonopah Mining Co. (D. C.) 13 F.(2d) 865, reached the conclusion that our practice act confers a right of action upon the heirs or personal representatives for the death of a person not a minor.

We do not think he reached a wrong conclusion in this regard. The right is expressly given in section 8554. While sections 9194 and 9195, the latter of which limits the right to a personal representative or representatives, covers the same subject matter on account of which the heirs of a deceased person are permitted to maintain an action in section 8554, there is little beyond this to warrant the conclusion that they were intended as a substitute for the latter. The presumption is against repeals by implication. State v. La Grave, 23 Nev. 25, 41 P. 1075, 1076, 62 Am. St. Rep. 764. In support of this rule recognized and applied in the foregoing case the court quoted as follows: " 'Repeals by implication are not favored,' said Judge Field, speaking for the court, in Crosby v. Patch, 18 Cal. 438. 'Such is the universal doctrine of the authorities. "Whenever two acts," says the supreme court of Pennsylvania, "can be made to stand together, it is the duty of a judge to give both of them full effect. Even where they are seemingly repugnant they must, if possible, have such a construction that one may not be a repeal of the other, unless the latter one contain negative words, or the intention to repeal is made manifest by some intelligible form of expression." Brown v. County Commissioners, 21 Pa. 42.' " See, also, Estate of David Walley, 11 Nev. 260; Abel v. Eggers, 36 Nev. 372, 136 P. 100.

More force would be given to respondents' contention if sections 9194 and 9195 constituted a later enactment than section 8554, but they were enacted in 1871, while section 8554 made its first appearance in our law in the Revised Laws of 1912. It is true that the statute of 1871 was amended at that time so as to include parents among the kindred entitled to the proceeds of any judgment for wrongful death and to give them preference over brothers and sisters when there were no surviving husband, wife, children, or grandchildren. This, however, could only serve to make the sections contemporaneous in enactment. If respondents' contention of repeal by implication were conceded, it would seem that the legislature had enacted section

8554 merely for the purpose of repealing it in the same act by amending a law which had been in effect ever since 1871. It would be too curious to believe that such was the intention. Under the circumstances the presumption against repeal by implication becomes especially strong. In 25 R. C. L., p. 930, it is said: "The presumption against implied repeals is especially strong where the provisions supposed to conflict were passed at nearly the same time."

The reason for such strong presumption is given in Lewis' Sutherland on Statutory Construction, vol. 1 (2d ed.), as follows: "The presumption is stronger against implied repeals where provisions supposed to conflict are in the same act or were passed at nearly the same time. In the first case it would manifestly be an inadvertence, for it is not supposable that the legislature would deliberately pass an act with conflicting intentions; in the other case the presumption rests on the improbability of a change of intention, or if such change had occurred, that the legislature would express it in a different act without an express repeal of the first." Section 268.

Stress is placed by respondents on the circumstances of the sections 9194 and 9195 having a later place in the Revision of 1912. They appear in said Revised Laws as sections 5647 and 5648. Emphasis is also given to the circumstance that these sections deal with the subject in a more minute and definite way. These considerations constitute legitimate indicii of intent; but standing alone are too slight to overcome the strong presumption against repeal in this case. Kramer v. Market Street Railroad Co., 25 Cal. 434, cited by respondents, is not in point. Sections 9194 and 9195 are broad enough to include sections in behalf of minors. Perry v. Tonopah Mining Co., supra; Pardini v. City of Reno, 50 Nev. 392, 263 P. 768. Yet the court in the former case did not regard section 8553 of the Nevada Compiled Laws permitting parents to sue for the wrongful death of a minor, as having been repealed by the former sections. The

legislature of 1913 did not regard the latter section as having been repealed because it amended the section at that session. Stats. 1913, p. 28, c. 35, sec. 2. When two statutes are so repugnant that both cannot be executed, it is the rule that the latest in position will control. But in this case the statutes may well subsist together and we are unwilling to say that this was not the intention.

The criticism leveled at the complaint by respondents for charging reckless and wanton conduct upon which a claim for exemplary damages is founded, goes merely to a question of pleading. The allegation has no bearing upon the question of repeal. We conclude that sections 8554, 9194, and 9195 are all effective and that the demurrer to the complaint was improperly sustained. This conclusion makes it unnecessary to determine appellant's second contention as to the conclusiveness of Judge Hawkins' decision on the demurrer.

■ As to the third contention, we hold that the action of the court in entertaining respondents' motion and entering the order complained of was improper practice. The trial court was not authorized to hear evidence and determine the qualifications of jurors in advance of their examination on their voir dire. Counsel for respondents have not directed us to any precedent for such practice, and we know of none. The order was so far erroneous.

The order and judgment appealed from are reversed, and the case remanded to the trial court.