### STONE v. SOUTHERN PAC. CO.

District Court, S. D. New York.

March 27, 1940.

Simon Sverdlik, of New York City (Frank L. Tyson, of New York City, of counsel), for plaintiff.

Buland, Minor & Waterman, of New York City (Arthur B. Dunne, of San Francisco, Cal., of counsel), for defendant.

HULBERT, District Judge.

Defendant, a Kentucky corporation, has moved, pursuant to Rule 12(b) of the F.R.C.P., 28 U.S.C.A. following section 723c, for an order dismissing the complaint on the ground that:

1. This court has no jurisdiction over the subject matter of the action nor over the person of defendant, and

2. That the venue of the action in the State of New York is improper under the rule of forum non conveniens.

The action was originally brought in the New York Supreme Court, County of New York, and removed here. The objection to the venue, therefore, is not seriously pressed and the decision of the motion depends upon whether or not maintenance of the action in this District would constitute an unreasonable burden upon Interstate Commerce under the doctrine laid down in Davis v. Farmers' Co-operative Equity Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996. See also Atchison, T. & S. F. Ry. Co. v. Wells, 265 U.S. 101, 44 S.Ct. 469, 68 L.Ed. 928; Michigan Central R. Co. v. Mix, 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470; Hoffman v. State of Missouri ex rel. Foraker, 274 U.S. 21, 47 S.Ct. 485, 71 L.Ed. 905; Denver & R. G. W. R. Co. v. Terte, 284 U.S. 284, 52 S.Ct. 152, 76 L.Ed. 295; State of Missouri ex rel. St. Louis, B. & M. Ry. Co. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247; Int. Milling Co. v. Columbia

Trans. Co., 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396; Bohn v. Norfolk & W. Ry. Co., 22 F.Supp. 481, D.C.S.D.N.Y.

The action was begun by service of a summons and complaint upon an assistant secretary of defendant company at its office in the City of New York.

Plaintiff is the administratrix of the estate of her divorced husband who was killed on August 12, 1939, while a passenger on one of defendant's trains which was derailed at or near Harney, Nevada. Although the petition in the New York County Surrogate's Court for plaintiff's appointment as administratrix alleges that decedent was a resident of the City, County and State of New York at the time of his death, it appears from affidavits that for some years prior to his death he had been manager of a department in a store maintained in Pittsburgh, Pa., by a Chain Store Company. The ticket for the trip which resulted in his death was purchased in Pittsburgh and provided for transportation over the lines of several railroads to San Francisco, California, and return, no part of the trip being through the State of New York.

■ As the accident occurred in Nevada, the cause of action arises under the Nevada statute which permits an action for wrongful death to be brought for the benefit of heirs by the personal representative or by the heirs themselves. Sec. 8554, Nevada Compiled Laws 1929; Nordyke v. Pastrell 54 Nev. 98, 7 P.2d 598.

Decedent's only heir is his son, a minor about 17 years of age, who is now and has for some time past been a student at a Military Academy located in Virginia. The decree granting decedent a divorce from plaintiff was made on May 11, 1937, by the Law and Equity Court of the City of Richmond, Virginia, on complaint of the husband who is recited therein to have been domiciled in, and an actual resident of the State of Virginia for more than one year preceding the commencement of the divorce proceedings. That decree awarded custody of the child to the father, but since his death the mother has been appointed general guardian by the Surrogate's Court, Queens County, New York.

On the basis of these facts, defendant argues that neither decedent nor the real party in interest to this suit, his son, can be considered as residents of this State either at the time the cause of action arose or at the present time, and that since defendant operates no lines within the State of New York, its sole activities here being connected with soliciting business for its lines in the States of California, Nevada and Utah and the conduct of a Coastwise Steamship Service out of the Port of New York, which allegedly is operated as a unit separate and distinct from the railroad lines, the rule announced in the Davis case, supra, should be applied. In addition, attack is made upon plaintiff's appointment as administratrix, it being asserted that the jurisdictional allegations in her petition for such appointment were false.

■ Upon the basis of the facts presented to me upon this motion, I am not now prepared to say that the maintenance of the action here would constitute an unwarranted burden upon Interstate Commerce. In the cases where jurisdiction has been denied, the cause of action arose in another State, the defendant was an interstate railroad which had no tracks and did no business other than soliciting traffic in the State where it was sued and the plaintiff was not a resident at the time the cause of action arose. It is also, perhaps, significant that in each instance jurisdiction was originally obtained either pursuant to a State statute and irrespective of whether or not defendant's activities in fact constituted doing business so as to make it subject to service of process under the 14th Amendment to the Constitution of the United States or by means of a foreign attachment or similar process. The case of International Milling Co. v. Columbia Transportation Co., supra, indicates that residence of plaintiff (or as here), the real party in interest, is of importance in determining the question of burden upon Interstate Commerce. I shall, therefore, refer the matter to a Master to hear and report concerning:

1. The domicile and residence of the decedent. Lapiedra v. American Surety Co., 247 N.Y. 25, 159 N.E. 710.

2. The domicile and residence of decedent's son at the time when the cause of action arose. See Matter of Thorne, 240 N.Y. 444, 148 N.E. 630.

3. The extent and nature of the activities carried on by defendant within the State of New York.

Settle order on notice unless agreed upon.