[Civ. No. 8321.   Third Dist.   Dec. 15, 1953.]

ADOLFO G. DOMINGUEZ, as Special Administrator, etc., Respondent, v. DANIEL GALINDO, Appellant.

A. G. Bailey and John A. Young for Appellant.

E. L. Means and James F. Roach for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment for $10,000 awarded to respondent (plaintiff below) as special administrator of the Estate of Louis Valdez Bravo in a wrongful death action brought on behalf of the decedent's widow and children.

On July 1, 1950, Bravo was riding on the bed of a truck owned and being driven by appellant Galindo. Bravo was then a business invitee of appellant. The truck bed left its fastenings and fell off, throwing Bravo on to the highway and causing injuries from which he died. On January 5, 1951, a petition was filed for letters of administration of Bravo's estate, which petition was in due course noticed for hearing, but no further proceedings were taken. General letters not having been issued, on March 16, 1951, respondent petitioned for special letters by a petition which stated, among other things, that there had been a delay in the issuance of general letters and that there was a need for special administration. On the same day an order was made by the probate court appointing respondent as special administrator of the estate of Bravo. It was ordered that as such administrator he give bond in the sum of $50 and that upon his giving such bond and taking the oath required by law "special letters of administration be issued to him in conformity with this order." On May 29, 1951, respondent filed a bond and letters were issued to him. The bond was executed by the Globe Indemnity Company, a corporation. The condition of the

obligation was declared to be that since the probate court had appointed the principal administrator of the estate of Bravo and had directed that "letters of administration" be issued to him, the obligation would be void if he faithfully executed the duties of the trust, otherwise to remain in full force and effect. The letters issued by the clerk were captioned in the estate of Bravo and entitled "Letters of Administration." The body of the document read: "Adolfo G. Dominguez is hereby appointed Administrator of the Estate of Louis Bravo, . . ., Deceased," and by the oath appended thereto and executed by respondent he swore to perform according to law the duties of his office. It is to be noticed that the letters were not captioned as being special letters nor did they recite in the body of the document that Dominguez was appointed special administrator. On June 22, 1951, respondent filed a complaint against appellant which recited the following: That Bravo was dead; that on the 29th of May, 1951, letters of administration upon his estate had been issued to respondent; that on that day respondent had qualified as such administrator and was the only appointed, qualified and acting administrator of the estate of Bravo; that he brought the action for the benefit of the widow and children of Bravo, naming them. It is to be noticed that the complaint does not refer to respondent as being the special administrator of the estate of Bravo. Appellant answered this complaint on September 11, 1951, more than a year after the death of Bravo, putting in issue, among other things, the capacity of respondent to maintain the suit and pleading the bar of the statute of limitations. On March 10, 1952, the probate court ordered the issued letters be amended nunc pro tunc as of the date of their issuance by adding the word "special" before the word "administrator" wherever it occurred therein. No change was made in the bond. Thereafter and at the trial, on order of court, respondent amended his complaint so as to allege his status as said special administrator. The court, sitting without a jury, gave judgment for respondent as above stated.

Appellant presents two contentions: 1. That the letters issued to respondent, considered as general letters, were void because issued without notice and without following the procedure requisite to the issuance of general letters; that they were equally void considered as special letters since they did not purport to be such, and respondent neither took the oath nor filed the bond of a special administrator. Conse-

quently, argues appellant, he had no authority to begin any action and the action must be considered as not having been in fact begun within a year of the death of Bravo. 2. If respondent be considered as having been appointed special administrator, notwithstanding the form of his letters, oath and bond, such an officer has no authority to bring a death action such as this and the same can be brought only by one to whom general letters have been issued.

We hold that the letters issued to respondent were in fact special letters of administration notwithstanding the defects pointed out above. These defects were defects in form only. They did not constitute matters of substance. This follows when we consider that the jurisdiction of the court to appoint a general administrator was not invoked by the petition of respondent; that he asked only that special letters be issued to him because of delay in the issuance of general letters; that the court acted on this petition and declared that it was appointing him as special administrator; and it ordered the clerk to issue letters to him in that capacity. Responding to this order and acting in an administrative capacity only, the clerk issued letters, which, though not described therein as such, must be considered as special letters issued responsive to the order of the court. The later order of the court amending the letters by inserting the word ''Special,'' as above indicated, while proper in the interest of good housekeeping, was legally unnecessary. It would be a reproach to the administration of justice if such highly technical objections made collaterally could invalidate the actions of a special administrator purporting to act as such. The code section which prescribes the form of special letters requires no more than substantial compliance therewith. (Prob. Code, § 502.) The attack here made is collateral. The statement of the court in *Bank of Commerce & Trust Co.* v. *Humphrey*, 41 Cal.App. 522, 554 [183 P. 222], is pertinent. We quote:

''. . . The authority of the court to appoint does not rest upon the oath or bond. That is a matter going only to the manner of qualifying after an appointment already made, and not to the validity of the appointment. If the clerk of court issues the letters in violation of the statute, without requiring the proper oath, any person interested may appear in the probate proceeding and ask to have the letters revoked. But to allow every person who may be sued to go behind the

letters of administration and object to the oath as given, or to plead any other defect which does not go to the jurisdiction of the court making the appointment, would be to involve litigation in a hopeless confusion of collateral issues. Letters issued by the clerk upon the order of a court having jurisdiction should furnish ample protection to all parties dealing with an administrator as such; and no irregularity in the clerk's issuance of the letters, occurring after the order of the court directing their issue—the court having jurisdiction to make the order—should be taken advantage of in a collateral proceeding. Were the rule otherwise, no business depending on letters testamentary or of administration could be safely transacted.''

Although objection is made to the oath, it is apparent that this objection depends upon the validity of the attack upon the letters and the bond. ■ The oath taken, considered by itself, meets the requirements of the statute. (Prob. Code, § 462.)

■ As to the bond, it substantially complied with the requirements of the law and was binding upon the bonding company. The bond specifically referred to the order of the court appointing respondent as special administrator. By referring to that order and reciting it as the occasion for the execution of the bond the company bound itself. That it did not refer to the order specifically as appointing respondent as special administrator is of no moment since the order referred to did appoint him in that capacity. Any doubt, therefore, which might arise upon reading the bond as to the capacity of respondent would be at once dispelled upon reading the order referred to.

■ Appellant further contends that even assuming respondent to have been a special administrator regularly appointed, qualified and acting as such, nevertheless he had no authority as such officer to bring a death action such as this. The sections of the Probate Code dealing with the powers of special administrators do not now and never have concerned themselves with the authority of the personal representative of a decedent to bring a death action as provided in section 377 of the Code of Civil Procedure; and that section, in turn, has never sought to distinguish between administrators with general powers and those having special powers only. That section has since 1872 provided that when the death of a person is caused by the wrongful act or neglect of another ''his heirs *or personal representatives* may maintain an action for dam-

ages against the person causing the death.'" (Italics added.) But the bringing of such an action is not a matter having to do with the probate of a decedent's estate and it has always been the law in this state that the action "authorized by Section 377 of the Code of Civil Procedure is solely for the benefit of the heirs, by which they may be compensated for the pecuniary injury suffered by them by reason of the loss of their relative, that the money recovered in such an action does not belong to the estate but to the heirs only, and that an administrator has the right to bring the action only because the statute authorizes him to do so, and that he is simply made a statutory trustee to recover damages for the benefit of the heirs." (*Ruiz* v. *Santa Barbara Gas etc. Co.*, 164 Cal. 188, 191-192 [128 P. 330].) Since the statute authorizing the action declares that the suit may be brought by the personal representative and makes no distinction as to whether that representative be special or general, and since the action brought is not in any sense business of the estate, we see no reason to hold that the limitations upon the powers of a special administrator as set forth in the Probate Code, and as the same were set forth in the Code of Civil Procedure before the adoption of the Probate Code, should be considered as any basis for drawing a distinction between special and general administrators which the authorizing section does not itself draw. As said in the quotation from *Ruiz* v. *Santa Barbara Gas etc. Co., supra,* the personal representative, and of course both general and special administrators are personal representatives, is simply made a statutory trustee to recover damages for the benefit of the heirs. In that action the Supreme Court held that the death action could be brought by the special administrator. It is true, as pointed out by appellant, that in part the reasoning of the opinion goes upon the proposition that the code section treating of the powers of special administrators (then section 1415 of the Code of Civil Procedure) could be construed, and was by the court there construed, as authorizing a special administrator to maintain or defend suits and other legal proceedings as "an administrator," whereas the present Probate Code section, which was in effect when Bravo was killed, that is, section 463 of the Probate Code, specifically authorizes suits by a special administrator in order to carry out his specifically defined duties and states that he may bring such suits and other legal proceedings as "such" administrator. It may be argued, therefore, that the section of the Probate Code defining the powers and duties

of special administrators no longer affords within itself authority for holding that a special representative can bring the death action authorized in section 1415 of the Code of Civil Procedure. Nevertheless, we think that the general reasoning in *Ruiz* v. *Santa Barbara Gas etc. Co.*, and the considerations we have stated above, afford ample authority for holding in this case that a special administrator does have power to bring the action which resulted in the judgment here appealed from.

The judgment, accordingly, is affirmed.

Schottky, J., and Paulsen, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.