DON R. PORTER, APPELLANT, *v.* PRESTON LEE FUNKHOUSER, JR., MURIEL JOYCE EVEREST, MERLA GENE HALE, AND JOHN R. FUNKHOUSER, RESPONDENTS.

No. 4540

May 29, 1963                                    382 P.2d 216

[Rehearing denied June 24, 1963]

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of Reno, for Appellant.

*R. P. Wait and E. J. Wait, Jr.,* of Reno, for Respondents.

## OPINION

By the Court, McNAMEE, J.:

This is a wrongful death action brought by the adult children of Barbara Jane Funkhouser who died as a result of a collision between the car she was driving and a truck driven by appellant. The amended answer admits

negligence, intoxication, and proximate cause. By jury verdict, respondents were awarded $35,000 compensatory damages, $1,408.40 for funeral expenses, and $5,000 punitive damages. By separate verdict, respondent Preston Lee Funkhouser, Jr., was awarded $525 for damages to deceased's automobile.

Appeal is from the judgment based on the verdicts. Several errors are assigned.

Appellant claims that the verdict for $35,000 compensatory damages is excessive and that the verdict for $5,000 punitive damages is wrong.

1. Appellant argues that the $35,000 compensatory damages awarded for the death of a 68-year-old woman to four adult children, only one of whom proved the loss of services of an objective monetary value, is excessive as a matter of law.

It is true that evidence of loss of services of monetary value in itself is insufficient to sustain the award of $35,000. Under NRS 41.090, however, in wrongful death actions a jury is empowered to include damages for loss of probable future companionship, society, and comfort.

In Miller v. Schnitzer, 78 Nev. 301, 371 P.2d 824, we stated:

"The core of the matter seems to be that an appellate court will disallow or reduce the award if its judicial conscience is shocked; otherwise it will not."

We are unwilling to say as a matter of law that the award of $35,000 compensatory damages to four adult children is so grossly excessive as to shock the moral sense. We conclude as we did in Novack v. Hoppin, 77 Nev. 33, 43, 359 P.2d 390, 395, that "[u]nder the particular facts and circumstances of this case, we are unable to say that the award of damages was so excessive as to justify reversal on that ground." In that case, an award of $175,000 compensatory damages was made to the widow and four minor children of the deceased. See Sandifer Oil Co. v. Dew, 220 Miss. 609, 71 So.2d 752.

Appellant further argues that the award for "loss of probable future companionship, society, and comfort" must bear a reasonable relation to the pecuniary loss. The verdict does not separate in its $35,000 verdict what part thereof was for the loss of probable future companionship, society, and comfort. Furthermore, since recovery for "future companionship, society, and comfort" is allowed by statute, and there is no requirement that such damages must bear a reasonable relation to pecuniary loss, appellant's contention in this regard is without merit.

Appellant contends that the amendment to NRS 41.090 which allows the court or jury to include damages "for loss of probable future companionship, society and comfort" has made the statute contradictory on its face, because the word "pecuniary" is limited in meaning to tangible financial loss. We reject this interpretation. The language of the statute is clear and does not warrant such a construction. In this connection the construction placed on this statute by appellant during the trial appears in Instruction No. 14 which as submitted by the appellant and given by the court is as follows:

"You shall award plaintiffs such damages as in your judgment will compensate them for the pecuniary loss proved to have been sustained by them. The measure of such compensatory damages is such sum as will equal the pecuniary or monetary loss that the plaintiffs will have actually suffered by being deprived of the support, financial aid, services, earnings, and probable future companionship, society and comfort by the death of the deceased." See Patton v. Henrikson, 79 Nev. 197, 380 P.2d 916.

2. Error is asserted because the court instructed the jury that it might take into account the "reduced purchasing power" of the dollar in determining the amount of damages to be awarded. He does admit in his opening

brief, however: "The weight of authority supports the trial court, but that alone does not necessarily make it correct."

The instruction in this regard is as follows:

"This Court takes judicial notice of the fact that the purchasing power of the dollar has substantially decreased in recent years. Therefore, you may consider this as an established fact in this case, and you may take this factor of reduced purchasing power into consideration in determining the amount of damages awarded to the plaintiffs."

The court did not order but rather left it within the discretion of the jury whether or not to take this factor into consideration in arriving at the amount of the damages. Such an instruction is proper. Annot., 12 A.L.R.2d 611, 619, 643–645. "There was no error in giving [such an] instruction, nor would it have been error to refuse it, because it is hardly necessary to remind a jury of the diminished purchasing power of the dollar as the jurors are reminded of it almost daily when they purchase the necessaries of life." Risley v. Lenwell, 129 Cal.App.2d 608, 650, 277 P.2d 897, 925.

3. Appellant contends that it was improper to instruct the jury as to the legal definition of intoxication and on the statutory presumption of intoxication when intoxication is admitted in the pleadings and at the trial and, therefore, is not in issue. It is appellant's argument that such instructions unfairly point to intoxication as a factor in the case. In answer thereto, respondents argue that appellant denied the allegation of wantonness and recklessness.

The evidence shows that appellant realized he had been drinking extensively and that his physical condition had become impaired. Under such circumstances the giving of the two instructions relating to intoxication was relevant to the issue of wanton and reckless misconduct which required a jury determination whether appellant's conduct constituted a conscious disregard of danger and probable injury to others.

4. Where punitive damages are sought was it error for the court to exclude evidence of a change of habits by appellant between the time of the accident and the time of trial?

Appellant contends it is, but cites no authority for such contention. Respondents assert that apparently there isn't a case which has ever held such evidence to be admissible.

In sustaining the objection to such evidence the trial court said: "* * * any change of heart that a man may have after he has done a bad act which will justify punitive damages would not be admissible in mitigation of the damage suffered as of that time. The door is closed more or less as of the date of the incident."

Because such evidence concerns a collateral issue, it was within the province of the trial judge to exclude the same whenever he concluded that such evidence might be harmful or prejudicial to one party and of little benefit to the other.

5. Error is claimed because the trial court refused upon request to instruct the jury regarding the present value or present worth of the damages to be suffered in the future from the wrongful act.

While it is the rule in certain actions for personal injury particularly under the Federal Employers' Liability Act that a trial court must instruct the jury on request upon the subject of present worth or present cash value of future loss of earnings, such rule is not applicable under the circumstances of this case. Damages for loss of probable future companionship, society, and comfort are subject to the rule relating to future pain and suffering. The weight of authority is against a reduction in the allowance of damages for such intangible elements. Therefore it was proper to refuse a requested instruction to such effect. Annot., 77 A.L.R. 1439, 1451; United States v. Harue Hayashi, 9 Cir., 282 F.2d 599; Texas and Pacific Railway Company v. Buckles, 5 Cir., 232 F.2d 257; see Legare v. United States, S.D. Fla., 195 F.Supp. 557.

6. During the trial the court admitted appellant's evidence of his financial affairs. In instructing the jury it stated: "In considering the amount of compensatory damages which you shall award to the plaintiffs, you must disregard all evidence concerning the income or financial condition of defendant Don R. Porter and his wife." The court then refused to give appellant's requested instruction, which included the following: "but you may take into account the financial condition of the defendant Don R. Porter and his wife in considering the award of punitive damages if any."

The general rule seems to be that where it is competent for plaintiff to prove the wealth of defendant to increase the punitive damages it is equally competent for defendant to show a lack of it to diminish them. 25 C.J.S., Damages § 127; 17 C.J., p. 996, n. 10.

If we concede that the receipt in evidence of appellant's financial condition was proper and that therefore the failure to give this instruction was erroneous, the error if any was not prejudicial. The award of $5,000 punitive damages, under the circumstances of this case where an advanced state of intoxication caused the death, is minimal as a punitive award, particularly in view of the amount of compensatory damages allowed.

Affirmed.

BADT, C. J., and BREEN, D. J., concur.

THOMPSON, J., being disqualified, the Governor commissioned Honorable Peter Breen, Judge of the Fifth Judicial District Court, to sit in his place.