Barbara HESLER, Administratrix of the Estate of George A. Snyder, Deceased, Plaintiff in Error,

v.

Margaret C. SNYDER, Elmer Snyder, Leathe Toot, Chester Snyder and Albert Snyder, sole and only heirs of George A. Snyder, Deceased, Defendants in Error.

No. 40928.

Supreme Court of Oklahoma.

Jan. 6, 1967.

John B. Doolin, of Harris, Newcombe, Redman & Doolin, Lawton, Morford & Benson, Alva, John William Wood, Liberal, Kan., for plaintiff in error.

W. J. Otjen, Jr., of Otjen, Carter, Huddleston & Otjen, Enid, for defendants in error.

HALLEY, Chief Justice:

This is an appeal from the order of the District Court of Woods County, Oklahoma, vacating and setting aside the appointment of Barbara Hesler, plaintiff in error here, as the administratrix of the estate of George A. Snyder, deceased. Defendants in error are the heirs of the decedent. We will refer to plaintiff in error as the appellant and the defendants in error as appellees.

On August 19, 1963, the County Court of Woods County, Oklahoma appointed Barbara Hesler as the administratrix of the estate of George A. Snyder, deceased. This order was appealed to the District Court of Woods County, and after a hearing thereon, and the submission of briefs, the District Court issued its order vacating the appointment. Motion for a new trial was filed and overruled and this appeal followed.

The facts from which this controversy arises can be summarized as follows: On March 8, 1961, an automobile driven by George A. Snyder was involved in an accident in Woods County, Oklahoma. A passenger in the Snyder automobile, Luella Barrow, who was also a sister of George A. Snyder, brought an action in the District Court of Woods County against her brother George Snyder, Edward Golbek and John R. Golbek. Her petition alleged that the named defendants were jointly and concurrently liable for the injuries sustained by her in the accident.

Snyder filed an answer to this petition, denying liability and raising certain affirmative defenses. At the same time, he filed a cross-petition against his two co-defendants, seeking damages from them for personal injuries, property damage to his automobile and loss of use of his automobile. The Golbeks, by their answers, denied all liability.

On March 2, 1963, during the pendency of the above suit, George A. Snyder died, intestate, a resident of Seward County, Kansas. On July 16, 1963, Luella Barrow filed a petition in the County Court of Woods County seeking the appointment of one Barbara Hesler, a resident of Woods County, as administratrix of the estate of George A. Snyder, deceased. Her petition, usual in form, recited that Snyder died intestate, a resident of Seward County, Kansas, and that he (the deceased) left an estate in Woods County, Oklahoma consisting of a "Cross-petition and cause #11357 of the District Court of Woods County, State of Oklahoma, entitled Barrow v. Golbek, et al."

The petition also listed the names and addresses of the heirs at law of the deceased, all parties hereto, and also stated that Luella Barrow, the petitioner, was a sister of the deceased, but that she waived her right to appointment, and asked the court to appoint Barbara Hesler, a resident of Woods County, as administratrix.

After due notice, a hearing was held on this petition, and Barbara Hesler was appointed administratrix by the County Court, as aforesaid, an appeal to the District Court was taken, and the case found its way here.

From the briefs of the parties it appears that there is one main issue for us to consider. That issue, succinctly stated, is

whether or not a cross-petition, filed in a tort action, during the lifetime of the decedent, is a property right sufficient to establish venue for the appointment of an administratrix in a county court.

The statute in question, Title 58, O.S.A. 1961, § 5, provides as follows:

Sec. 5.  Venue of probate acts

Wills must be proved, and letters testamentary or of administration granted:

1.  In the county of which the decedent was a resident at the time of his death, in whatever place he may have died.

2.  In the county in which the decedent may have died, leaving an estate therein, he not being a resident of the State.

3.  In the county in which any part of the estate may be, the decedent having died out of the State, and not resident thereof at the time of his death.

4.  In the county in which any part of the estate may be, the decedent not being a resident of the State, but dying within it, and not leaving estate in the county in which he died.

5.  In all other cases, in the county where application for letters is first made.

Appellant, in her argument for reversal of the order of the District Court, contends that the cross-petition filed by the decedent during his lifetime is such an estate or property, under the above statute, to authorize the county court to appoint an administrator.

■ Citing two cases, In re Reardon's Estate, 203 Okl. 54, 219 P.2d 998, and Rock Island Improvement Co. v. Davis, 195 Okl. 513, 159 P.2d 728, appellant asserts that the rule laid down in them is controlling here.  From the Reardon case, supra, the rule is stated as follows:

"The estate necessary to establish venue for appointment of administrator does not necessarily have to consist of tangible property, but it is sufficient that there exist property rights of a substantial nature, arising and enforcible in the jurisdiction."

The rule, as announced in the Rock Island Improvement case, supra, is as follows:

"[T]he assets relied on as furnishing a basis for local administration should be of a tangible nature, but a mere claim or right of action arising or existing and enforcible within the jurisdiction is sufficient; and a bona fide claim will support a grant of administration even though it proves invalid or unenforcible after letters are issued."

Appellant also cites a Nevada case, Forrester v. Southern Pacific Company, 36 Nev. 247, 134 P. 753, 48 L.R.A.,N.S., 1 (1913) as being of importance in determining the answer to her first proposition.  Appellant quotes therefrom as follows:

"Where the plaintiff in an action to recover damages for wrongful expulsion from a train, who was a non-resident and had no other property in the state, died while the action was pending, his right of action was property upon which letters of administration might issue in the County in which the case was pending."

" * * *  If the decedent left any claim or right of action in the pending suit, we see no reason why it should not be regarded as property, nor why letters of administration may not be granted upon it in the county in which this case is pending if he is a non-resident and leaves no other property in the state."

Appellees counter the above authorities by asserting that Appellant misconceives the ruling in the Reardon and Rock Island Improvement cases, supra, and states that the Forrester case, supra, is distinguishable from the case at hand, as it was based on contractual liability, while here we are concerned with tort liability.  Appellees also cite from the case of Hoge v. Hammond, 192 Okl. 145, 134 P.2d 559, as follows:

"(t)he estate necessary to establish the venue * * * may consist of any substantial property right which arises and which is enforceable in the jurisdiction."

Appellees assert that since Appellant placed no value on the cross-petition in her original petition for appointment of an administrator, that ergo, said cross-petition has no value, substantial or otherwise, and therefore cannot be considered as an asset, or property, for venue purposes.

Our research on this issue indicates that we have not heretofore passed upon this factual situation in connection with the above statute.

In our jurisdiction, cross-petitions are a recognized part of the pleading in an appropriate case. Title 12 O.S.A.1961, § 272. Here, the deceased in his cross-petition against his co-defendants, sought damages for personal injuries, property damages and loss of use of his automobile. Such causes of action survive the death of decedent under the provisions of Title 12 O.S.A. 1961, § 1051.

Our research further indicates that the language used by us in the Reardon and Rock Island Improvement Company cases, supra, is also found in 33 C.J.S. Executors and Administrators § 20, beginning on page 897 and in 21 Am.Jur. § 40, on page 395.

■ As is stated in the case of Re Glassford, 114 Cal.App.2d 181, 249 P.2d 908, 34 A.L.R.2d 1259, the word "estate" when used in probate proceedings and statutes is a comprehensive term and is ordinarily applied to describe in a most general fashion the property comprising the assets of the deceased.

■ Here, after due consideration of the authorities mentioned above, and the arguments made in connection therewith, we are of the opinion that Appellant is correct in her proposition and that the cross-petition, filed by the decedent before his death, and during the pendency of the action, is such a claim, asset or property as to authorize the county court of Woods County to appoint an administratrix, and that the District Court of Woods County was in error in setting aside such appointment.

■ There remains one other proposition to be considered. Appellees object to the fact that the petitioner in the County Court proceedings, Luella Barrow, a sister of the deceased, asked for the appointment of an outsider, so to speak, as administratrix of the estate in question. We find little merit in this contention. The record in the county court proceedings reflects that all of the heirs of George A. Snyder, deceased, were notified of the hearing with respect to the appointment. Their Motion to Dismiss the petition for appointment of administrator was not based on this objection. No request for the appointment of one of them or their nominee is shown by the record. The petitioner therein, Luella Barrow, was a sister of the deceased, and occupied a position of preference. She was also a creditor by virtue of her cause of action then pending. See Black's Law Dictionary, Third Edition, page 476, wherein a creditor is defined. She was and is a proper person to petition for such appointment and she also had the right to waive her own appointment and to nominate another person for such position, absent a showing that someone else had a preferred position under Title 58 O.S.A., § 122 and § 123.

Therefore, for the reasons stated above, the decision of the District Court is reversed and the cause is remanded to the District Court of Woods County with directions that its order revoking the appointment of Barbara Hesler as administratrix of the estate of George A. Snyder be set aside and that an order be issued reinstating the said Barbara Hesler as administratrix of the estate of George A. Snyder, deceased.

JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, HODGES and LAVENDER, JJ., concur.