NEVADA PAVING, INC., AND SIDNEY LEWIS CURTIS, APPELLANTS, v. K. F. CALLAHAN, SPECIAL ADMINISTRATOR OF THE ESTATE OF VALENTINA KHOCHTARIA, DECEASED, RESPONDENT.

No. 5230

May 9, 1967                           427 P.2d 383

*Leslie A. Leggett,* and *Woodburn, Forman, Wedge, Blakey, Folsom & Hug,* of Reno, for Appellants.

*Bradley & Drendel,* of Reno, for Respondent.

# OPINION

By the Court, ZENOFF, J.:

On June 8, 1965, Valentina Khochtaria died intestate following an accident in Reno wherein he was struck by a pickup truck driven by Sidney Lewis Curtis, an employee of Nevada Paving, Inc. The decedent left surviving a sister who lives in Tiflis, Georgia, U.S.S.R.

K. F. Callahan, the Public Administrator of Washoe County, was appointed special administrator of the estate of the decedent by order of District Judge John E. Gabrielli on June 24, 1966. He brought suit against Curtis and his employer. The defendants filed a motion in the estate proceedings for an order vacating, annulling, and setting aside the appointment of Callahan as special administrator. After a hearing the motion was denied, from which denial the defendants have appealed. Callahan then filed a motion to dismiss this appeal. His motion was based on the premise that the order refusing to set aside his appointment as special administrator is not appealable. NRS 140.020 expressly states that there shall be no appeal from an order appointing a special administrator, and Callahan reasons that it follows that an order refusing to vacate the appointment of a special administrator is likewise not appealable. In opposition to the motion Nevada Paving and Curtis relied upon NRS 155.190(1) which allows an appeal to this court from an order granting letters of administration. It may appear that the mentioned statutes are in conflict. However, we do not think so. We read NRS 155.190(1) to have reference to letters of general administration and NRS 140.020 to apply only to letters of special administration and therefore not in conflict with each other. It makes sense to so construe those statutes for letters of general administration are issued only after notice, an opportunity to be heard and the resolution of a possible contest. On the other hand, letters of special administration may be issued ex parte without notice and are in many instances designed to cover emergent situations. Realizing this it becomes apparent why the legislature thought it best to provide for an

appeal from an order granting letters of general administration but refused that remedy from an order granting special letters. We hold, therefore, that the present appeal from an order refusing to set aside the appointment of Callahan as special administrator is not an appealable order, and grant the motion to dismiss this appeal. Since the merits of the appeal point directly to the jurisdiction of the lower court we choose to resolve the issue and shall treat this appeal as though it is an original proceeding in certiorari to review whether the order of the district court was entered in excess of its jurisdiction.

It is claimed that the court, in appointing the special administrator, acted in excess of jurisdiction. The issue centers upon whether or not an action for wrongful death is an asset of a decedent's estate. Appellant's position is that such cause of action is not an asset, and that, since there were no other assets in decedent's estate, the trial court had no jurisdiction to appoint a special administrator.

1. We hold that the right of action is not an asset of the estate of the deceased. Nevertheless it is sufficient to justify the appointment of an administrator who then acts in the capacity of a personal representative for the purpose of filing a suit. The bringing of the action is not a matter having to do with administration of the estate. The proceeds realized from the cause of action do not become a part of decedent's estate but are held by the administrator for the benefit of persons entitled thereto. In re Estate of Milliman, 415 P.2d 877 (Ariz. 1966); Dominguez v. Galindo, 264 P.2d 213 (Cal. Dist.Ct.App. 1953). The term, "personal representative," as used in wrongful death statutes is generally considered broad enough to include a temporary, special or ancillary administrators or executors. Kyes v. Pennsylvania R. Co., 109 N.E.2d 503 (Ohio 1952).

Nevada's wrongful death statute, NRS 12.090, authorizes a wrongful death action to be brought by the personal representative for the benefit of decedent's heirs.[1] This statute is

---

[1]NRS 12.090: *"Heirs, guardians, personal representatives may maintain action for death of adult.* When the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death, or, if such person be employed by another person who is responsible for his conduct, then also against such other person. If such adult person

substantially the same as that of other states. Ruiz v. Santa Barbara Gas & Electric Co., 128 P. 330 (Cal. 1912); Dominguez v. Galindo, supra; In re Estate of Milliman, supra. A wrongful death action does not belong to the decedent's estate but belongs instead to his survivors who suffer a loss by reason of his death. We do not consider Troyer's Estate, 48 Nev. 72, 227 P. 1008 (1924), In re Dickerson's Estate, 51 Nev. 69, 268 P. 769 (1928), nor Forrester v. Southern Pacific Co., 36 Nev. 247, 134 P. 753 (1913), to be contrary to this view. For purposes of clarity, however, the ruling of this case expressly supplants any inconsistency reflected in those opinions. (See Hesler v. Snyder, 422 P.2d 432 (Okla. 1967).

It seems incongruous to say that if a decedent's estate consists of but one dollar thus requiring probate, his administrator can bring a wrongful death action, but if he leaves no estate only the heirs may do so. Surely this would place form before substance. We do not believe the legislature intended such result in the enactment of NRS 12.090.

2. Another issue on appeal is concerned with the order appointing the special administrator. That order did not specifically direct or authorize the special administrator to bring the wrongful death action. Absent that directive, appellants assert that the administrator did not have authority to sue. The omission in the order was inconsequential. The petition supporting the request for special administrator prayed that the appointment be made to prosecute any action or claim for the death of Khochtaria. Further, the statute providing for the appointment of a special administrator (NRS 140.-040(2)) allows the special administrator to commence, maintain or defend suits and other legal proceedings.[2]

---

have a guardian at the time of his death, only one action can be maintained for the injury to or death of such person, and such action may be brought by either the personal representatives of such adult person deceased for the benefit of his heirs, or by such guardian for the benefit of his heirs."

[2]NRS 140.040(2): "The special administrator may:

"(a) For any and all necessary purposes, commence, maintain or defend suits and other legal proceedings as an administrator.

"(b) Sell such perishable estate as the district court may order to be sold.

"(c) Exercise such other powers as may have been conferred upon him by the appointment.

"(d) Obtain leave to borrow money or to lease or mortgage or execute a deed of trust upon real property in the same manner as a general administrator."

Writ of certiorari denied.

COLLINS, J., concurs.

THOMPSON, C. J., dissenting:

The necessary consequence of the opinion in today's case is to erase the precondition that an estate exist before special letters of administration may issue. A cause of action for wrongful death is not an "estate" subject to administration. Troyer's Estate, 48 Nev. 72, 227 P. 1008 (1924). An estate must exist before administration is justified. In re Dickerson's Estate, 51 Nev. 69, 268 P. 769 (1928). The recovery in a wrongful death case is for the heirs of the decedent who sustained a compensable loss by reason of his death. Estes v. Riggins, 68 Nev. 336, 232 P.2d 843 (1951); See also: Nordyke v. Pastrell, 54 Nev. 98, 7 P.2d 598 (1932); Wells, Inc. v. Shoemake, 64 Nev. 57, 177 P.2d 451 (1947); Jefferson v. Joiner, 75 Nev. 207, 337 P.2d 622 (1962); Bower v. Landa, 78 Nev. 246, 371 P.2d 657 (1963); Porter v. Funkhouser, 79 Nev. 273, 382 P.2d 216 (1963); Barney v. Clark County, 80 Nev. 104, 389 P.2d 392 (1964). The recovery is not subject to administration in the estate proceeding.

The mere fact that NRS 12.090 allows an action for the wrongful death of an adult to be commenced by "his heirs, or his personal representative for the benefit of his heirs," does not answer the issue presented. I cannot read those words to carry authority to the probate court to appoint an administrator in the absence of an estate to administer. Rather, those words grant an alternative method for instituting suit when the decedent leaves an estate and a personal representative has been appointed. In such case either the heirs or the personal representative of the deceased may commence suit. When no estate is left, only the heirs may maintain the action.

This construction of NRS 12.090 is in harmony with NRS 140.010 providing for the appointment of a special administrator. A portion of that statute reads: "The district judge shall appoint a special administrator to collect and take charge of *the estate* of the deceased, in whatever county or counties the same may be found, and to exercise such other powers as may be necessary to *preserve the estate*." Apparently the existence of an estate is a precondition to letters if the quoted words are to be given meaning.

Two California cases support the majority opinion. Ruiz v. Santa Barbara Gas & Electric Co., 128 P. 330 (Cal. 1912); Dominguez v. Galindo, 264 P.2d 213 (Cal.App. 1953). I doubt that the other citations of authority are supportive. In

214

re Estate of Milliman, 415 P.2d 877 (Ariz. 1966) involved general letters of administration, and I assume that there existed an estate to be administered, though one cannot determine this from the opinion. Hesler v. Snyder, 422 P.2d 432 (Okla. 1967) concerned the authority of a foreign administratrix to maintain the action, and involves considerations not presented in this case. All other authorities cited by the majority opinion and some not there cited, but found in the respondent's brief, are inapposite since they involve statutes restricting the prosecution of the cause of action to the personal representative alone. I refer to the following: In re Waits Estate, 146 P.2d 5 (Cal. 1944) involving the Federal Employers Liability Act; Hutchins v. St. Paul, 46 N.W. 79 (Minn. 1890); Findlay v. Chicago, 64 N.W. 732 (Mich. 1895); Bradley v. Missouri, 71 N.W. 282 (Neb. 1897); Missouri v. Lewis, 40 N.W. 401 (Neb. 1888); Richards v. Riverside Ironworks, 49 S.E. 437 (W.Va. 1904); Berry v. Rutland, 154 A. 671 (Vt. 1931); St. Louis v. Smitha, 190 S.W. 237 (Tex. 1916). None dealt with an alternative type statute such as NRS 12.090.

The majority opinion overrules the intendment of Troyer's Estate, supra, In re Dickerson's Estate, supra, and places a strained construction upon NRS 12.090 and NRS 140.010 when read together. Full meaning can be accorded each statute without doing violence to either. We should construe them to accomplish that end.

I respectfully dissent.