PATRICIA LEE ESTES AND RICHARD THOMAS
ESTES, Minors, by and through Their Guard-
ian, JOSEPHINE ESTES; and HELEN ESTES,
Appellants, v. LESLIE E. RIGGINS, as Admin-
istrator of the Estate of DILLARD DRUMM,
Deceased; A. D. DRUMM, Jr.; and SILVER
STATE CONSTRUCTION CO., INC., a Corpora-
tion, Respondents.

No. 3652

June 15, 1951.                    232 P.2d 843.

*Royal A. Stewart, Richard W. Horton,* and *C. Benson Tapscott,* all of Reno, for Appellants.

*Morley Griswold,* and *George L. Vargas,* both of Reno, for Respondents.

## OPINION

By the Court, EATHER, J.:

From the complaint filed in this case we ascertain that an automobile driven by Robert Estes collided on a public highway with one driven by Dillard Drum, and as a result of that collision both men were killed. Appellants, who were plaintiffs in the court below, are the widow and children of Robert Estes, and, not having had an opportunity to commence suit in the lifetime of Dillard Drumm, they sued the administrator of his

estate, and another person and a corporation alleged to be Drumm's employer, because they believed that the accident occurred as the result of the negligence of Dillard Drumm. They seek damages for the deprivation of financial aid and assistance which they allege has resulted from the death of Robert Estes. Two defendants answered and we are not concerned here with that phase of the case. The administrator of the estate of Dillard Drumm demurred, contending that any cause of action against Dillard Drumm died at his death, and there is no provision in the law permitting a suit by these plaintiffs against Drumm's estate. The court below sustained the demurrer. That decision must be and is affirmed.

The recovery sought in this case is solely for the injury alleged to have been caused to plaintiffs by the death of the husband and father, who was their support, in other words, for the injury they sustained and not for the injury to Robert Estes. At common law, there would be no cause of action in them; it would be considered that they had not sustained any compensable loss. But many years ago the legislatures of the various states enacted laws giving rights of action under such circumstances. Thereby new causes of action came into being which otherwise would not exist. Not all the statutes of the many states are alike and resort must be had to the language of the particular statute to determine its scope and applicability.

Under the common law the death of the wrongdoer caused an abatement of any cause of action in tort against him. In Gosling v. Nichols, 59 Cal.App.2d 442, 139 P.2d 86, 87, the court said:

"A tort action abates upon the death of the wrongdoer at any time before the action is ready for rendition of a final judgment, in the absence of a statute expressly providing that the cause of action shall survive."

Section 8554, N.C.L. and section 9194, N.C.L. refer to causes of action surviving the death of the injured person but in neither of them is there any survival of an action against a wrongdoer after his death. If a statute merely gives a right of action against a wrongdoer, and, in specific words, does not make the action survive the death of the wrongdoer, there is no survival. 1 Am.Jur. 97.

In the recent case of Mull v. Wienbarg, 66 Wyo. 410, 212 P.2d 380 at 385, the Supreme Court of Wyoming said:

"It is said in 25 C.J.S., Death, Section 42, page 1135, speaking of the statute here in question (Lord Campbell's Act) that: 'In the absence of a statute expressly so providing, the right of action for death by wrongful act does not survive the death of the wrongdoer.' In Kranz v. Wisconsin Trust Co., 155 Wis. 40, 143 N.W. 1049, 1050, Ann. Cas. 1915C 1050, it was said: 'And in this connection it should be observed that there is a vital difference between the survival of a cause of action upon the death of the injured party and a survival of liability upon the death of the wrongdoer. A statute may provide for the one and not for the other.' In Hegerich v. Keddie, 99 N.Y. 258, 1 N.E. 787, 793, 52 Am. Rep. 25, the court, speaking of a statute above in question, stated: 'It will be observed, also, that the statute, although creating a new cause of action, and passed for the express purpose of changing the rule of the common law in respect to the survivability of actions, and conferring a right upon representatives which they did not before possess, does not undertake, either expressly or impliedly, to impair the equally stringent rule which precluded the maintenance of such actions against the representatives of the offending party.' "

The question involved in the present case is: Did any cause of action survive the death of the alleged wrongdoer?

We find no statute which permits such survival.

However, plaintiffs point to and rely upon section 240.01 N.C.L. 1931–1941, which reads as follows:

"An Act to provide for the survival of causes of action for personal injuries upon the death of the person injured or of the person liable for such injuries, or of both, specifying the measure of damages in such action."

"Sec. 1. Causes of action, whether suit has been brought upon the same or not, in favor of the injured party for personal injuries other than those resulting in death, whether such injuries be to the health or to the reputation or to the person of the injured party, shall not abate by reason of his death nor by reason of the death of the person against whom such cause of action shall have accrued; but in the case of the death of either or both, such cause of action shall survive to and in favor of the heirs and legal representatives of such injured party and against the person, receiver, or corporation liable for such injuries, and his or its legal representatives; and so surviving such cause of action may be hereafter prosecuted in like manner and with like legal effect as would a cause of action for injuries to or destruction of personal property. The court or jury in every such action may give such damages, pecuniary and exemplary, as it shall deem fair and just.

"Sec. 2. Where the wrongdoer is himself killed by the act causing the injury, the cause of action, if any, shall be deemed to have accrued against deceased during his lifetime."

Plaintiffs contend that their alleged cause of action is covered by that statute and, as therein stated, it "shall not abate by reason of (the injured party's death) nor by reason of the death of the person against whom such cause of action shall have accrued; but in the case of the death of either or both, such cause of action shall survive to and in favor of the heirs and legal representatives of such injured party * * *" But, plaintiffs say, the statute has reference to themselves and not to Robert Estes. They believe they are the "injured" parties referred to in the statute and that the cause of action

they claim to have will not abate in the event of their deaths but will survive to their heirs and legal representatives.

We are not persuaded that the argument is sound. In our opinion, section 240.01 is applicable to Robert Estes as the injured party and for his personal injuries and does not supply the need of plaintiffs here to show a statute which permits an action to survive the death of the wrongdoer. Also, it expressly states that it does not apply to injuries resulting in death. If the injuries there covered are those to Robert Estes, the statute has no application here.

Our conclusion is in consonance with that reached in Hendricks v. Kauffman, 340 Mo. 74, 101 S.W.2d 84 at 86, which was decided upon the language of a Missouri statute somewhat similar to our statute. In that case the children of a man killed by defendant's automobile brought a suit and recovered a verdict. On appeal, the judgment was reversed and a new trial ordered. In the meantime, defendant had died, and the lower court, on motion, dismissed the action upon the ground that it had abated by reason of defendant's death. That action was affirmed, the court saying:

"By that section it is provided, in substance, that causes of action under which suit has or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, shall not abate by reason of the death of the person injured, nor by reason of the death of the person against whom such cause of action shall have accrued; but such causes of action shall survive. This statute, as we view it, by very reason of the precision of its wording, is self-interpretive. It expressly excludes from the scope of its operation 'personal injuries other than those resulting in death.' [personal injuries resulting in death.] Hence, there is nothing about it to construe. Virtually we are asked to

strike out this important and significant exception. This we have neither disposition nor right to do."

It is fundamental that the functions of this court are not legislative and until such time as the legislature of the State of Nevada seems favorably disposed to the enactment of appropriate legislation providing for the survival of a right of action against the representatives of the wrongdoer, as much as we might be in favor of such legislation, it is our duty as we see it not to encroach upon that branch of government. If it be thought that a different rule would be more just and in keeping with the progress and enlightenment of the age, the legislature is the proper body to make such provision.

The cause was correctly decided, and the judgment is affirmed, with costs.

BADT, C. J., and MERRILL, J., concur.